## Truby's Appeal.

1. The Act of June 7th 1879, which enables a bank to exempt its share-holders from all other taxation by collecting six-tenths of one per cent. upon the par value of all the shares and paying the same *into* the state treasury, was intended to take effect immediately, so as to include the year of its passage.

2. Said act is not in violation of art. 9, sect. 1 of the Constitution, providing that "All taxes shall be uniform on the same class of subjects, within the territorial limits of the authority levying the tax."

3. Per SHARSWOOD, C. J.—Where appeals are taken from preliminary injunctions the Supreme Court will not, except in flagrant cases, pass upon the merits of the case, but will simply continue the injunction.

October 26th 1880.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Court of Common Pleas of *Indiana county :* Of October and November Term 1880, No. 265.    In Equity.

Bill in equity filed by John Kinter and others against John Truby, treasurer of Indiana county, to restrain the collection of a certain tax.

The bill set forth that the complainants were stockholders of the Indiana County Deposit Bank.    The commissioners of Indiana county, at or about the time they assessed the rates and levies for county purposes for the current year, rated and assessed the stock owned by the plaintiffs in the bank aforesaid to pay five mills on the par value thereof for county purposes, and a special tax of three mills thereon for the current year.    These taxes were assessed in pursuance of the Act of March 31st 1870, Purd. Dig. 143, pl. 96, of which the following are the material sections :

" Sect. 3.    All the shares of national banks, located within this state, and of banks and savings institutions incorporated by this state, shall be taxable for state purposes at the rate of three mills per annum upon the assessed value thereof; and for county, school and local purposes, at the same rate as now is or may hereafter be assessed and imposed upon other monied capital in the hands of individual citizens of the state."

" Sect. 4.    In case any bank or savings institution aforesaid shall elect to collect annually from the shareholders thereof a tax

[Truby's Appeal.]

of one per centum upon the par value of all the shares of said bank or savings institution, and pay the same into the state treasury, on or before the 20th day of January in every year, the said shares, capital and profits shall be exempt from all other taxation under the laws of this Commonwealth."

The taxes above mentioned remaining unpaid, the commissioners, on May 1st 1879 placed them in the hands of the defendant for collection, which he was authorized to do by virtue of the Act of April 4th 1872, Pamph. L. 954, and its supplements. The complainants contended that he should not do so because on the 7th of June 1879 an Act of Assembly was passed, providing, inter alia, "that * * * all shares of stock in any bank, banking or savings institution or company, now or hereafter incorporated by or in pursuance of any law of this Commonwealth * * * shall be and are hereby made taxable for state purposes at the rate of four mills on every dollar of the value thereof annually; provided that * * * in case any bank or savings institution incorporated by this state, or any national bank, elect to collect annually from the shareholders thereof a tax of six-tenths of one per centum upon the par value of all the shares of said bank or savings institution, and pay the same into the state treasury on or before the 20th day of June of every year, the shares, capital and profits of such bank shall be exempt from all other taxation under the laws of this Commonwealth;" and that in pursuance of this law the cashier of said bank collected from the shareholders thereof six-tenths of one per centum on the par value of all the stock owned therein and paid the same into the state treasury on the 19th day of June 1879, by reason of which payment appellees claim they are not liable for the payment of the tax complained of on the duplicates in the possession of appellant.

The bill further alleged that the defendant nevertheless was, under the authority conferred by the Act of April 4th 1872, about to issue a warrant to constables to levy and collect by distress and sale of complainants' goods said taxes imposed by the commissioners upon the complainants' shares of stock for the year 1879, which proceedings would subject complainants to expense, inconvenience and irremediable injury. The bill then prayed for an injunction preliminary until hearing, and perpetual thereafter, to restrain defendant from resorting to any process to collect said taxes. The court, Hunter, P. J., granted a preliminary injunction, and subsequently continued the same until an answer or demurrer should be filed and a further hearing had. From this decree this appeal was taken by defendant, who assigned for error the granting and continuing of the preliminary injunction.

*J. A. C. Ruffner* and *J. N. Banks*, for appellant.—[SHARSWOOD, C. J.: "It is needless to bring up cases of this sort on

appeal, for this court will, except in flagrant cases, continue the injunction and file no opinion on the merits until the case is brought up on final decree of the court below.   The proper way to bring these cases here is to enter final decree by agreement."] The counsel then agreed in writing at bar that the preliminary injunction granted should be taken as final and the appeal taken from said final decree.    They then argued: The Act of June 7th 1879 did not refer to the then current year, and appellees are not released from paying the taxes assessed therefor.    It does not seem that the legislature so intended, for in that event banks that paid on or before the 20th day of January, under the law as it then stood, were required to pay into the state treasury one per cent. on the par value of their stock, and this relieved the stockholders from further liability to taxation on their stock for that year, but state banks that neglected to pay the one per cent. on or before the 20th of January could relieve their stock from taxation by payment of six-tenths of one per cent. on or before the 20th of June under the Act of 1879, making thereby two different rates of taxation for the same class of subjects for that year.    This is a violation of article 9, sect. 1 of the Constitu- tution which provides that all taxes shall be uniform on the same class of subjects, within the territorial limits of the authority levy- ing the tax, and cannot be done.

It will be further observed that the liability of the stock of state banks to taxation for state, county, school and municipal purposes became absolute after the 20th day of January 1879, in case said bank failed to pay to the state treasurer, on or before that time, a tax of one per centum upon the par value of its stock.   The tax complained of was assessed and placed in the hands of the proper officer for collection more than one month before the passage of the Act of June 9th 1879.   Some of the persons against whom this tax was assessed may have paid their proportion of it, and if so, they did only what the law required of them.   Now, if those who did not pay could be relieved by the bank paying to the state treasurer one-sixth of one per cent. on the par value of the stock of said bank, this would not make the taxes uniform on the same class of subjects, and would be in violation of the article of the Constitution before mentioned.

*Silas M. Clark* and *Harry White*, for appellees.—The Act of 1879, by its express terms, was to go into effect immediately. The appellees therefore had an incontestable right to avail them- selves of the act.   The act is not in conflict with article 9, sect. 1 of the Constitution.   The rate of taxation under the Act of 1870 was uniform on the same class of subjects, to wit, three mills ; the price of exemption was also the same to all banks, and such as availed themselves of its provisions all paid that.   By the

passage of the Act of 7th June 1879, however, there was a change effected, which presented a new system, with like uniform rates, and price of exemption to all who saw fit to embrace its offer. That some were benefited by its provisions beyond what was offered under previous laws is no constitutional objection to the enactment; it was all a matter for the state, and if it was believed the banks would accept the provisions and thus benefit the state it was within the legislative power to make the offer.

Chief Justice SHARSWOOD delivered the opinion of the court, November 8th 1880.

That it was the intention of the legislature that the Act of June 7th 1879 should go into effect immediately so as to include the year of its passage is, we think, very plain upon its face, as well as from a consideration of its object. This is indeed but faintly denied by the appellant, but it is earnestly contended that it was beyond their power because they had already provided differently for that year. It is said, therefore, that it is wanting in the uniformity required by the Constitution. But the rate provided by the Act of 1879 is uniform. How can its constitutionality be affected by the fact that the Act of 1870 made a different provision, and that one or more banks may have availed themselves of its provision by paying one per cent. on their capital to secure an exemption from all other taxation? Those banks are not complaining. If the legislature should in the middle of a year repeal totally a tax upon any particular class of subjects, would it be any objection to the constitutionality of making such a repealing act go into effect at once that one or more persons had already paid the taxes for that year which had thus been repealed? Their objections would not be heard to prevent the exercise of the legitimate authority of the legislature in relief of the whole community. They might have an equitable claim on the government to have the taxes thus paid refunded, but could not insist that the old tax for that year should be collected. In principle we cannot see how this differs from the case in hand.

Decree affirmed, and appeal dismissed at the costs of the appellant.